IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Case No. 2:16-cr-243 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| SHAWN P. PARRISH, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court on several motions in limine filed by the Government in advance of Defendant Shawn P. Parrish's ("Defendant" or "Parrish") trial on charges of receipt and possession of child pornography under 18 U.S.C. § 2252(a). The Court issued oral decisions on the motions at the Friday, April 7, 2017 final pretrial conference, but sets forth its reasoning more fully here. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motions in limine.

## I. BACKGROUND

On March 31, 2017, the Government filed two motions in limine. In the first (Doc. 49), the Government moves this Court for a ruling that testimony and evidence regarding: (1) Parrish's prior North Carolina conviction for Indecent Liberties with a Child; and (2) the uncharged images and videos found on his LG cellular phone are admissible under Federal Rules of Evidence 414 and 404(b). (*Id.* at 1.)

In its second motion (Doc. 50), the Government moves to exclude any evidence or argument related to the sexual behavior or predisposition of the minor victim in this case that falls outside of "the three clearly defined exceptions provided by Federal Rule of Evidence 412."

1

(*Id.* at 1.) More specifically, the Government seeks to exclude any evidence or testimony that the minor victim sent sexually explicit images and videos of herself to an unknown individual on Facebook. (*See id.*)

## II. LEGAL STANDARDS

### A. Relevancy and Unfair Prejudice (Fed. R. Evid. 401 and 403)

Evidence is relevant, and therefore generally admissible, so long as it "has any tendency to make a fact more or less probable," and so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence can be relevant even if it does not relate to an element of an offense or to a fact in dispute, provided the evidence supplies background information about the defendant or the offenses. *See* Advisory Committee Notes to 1972 Proposed Rules ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). The Government thus faces a "low threshold" for establishing that evidence is relevant, *Tennard v. Dretke*, 542 U.S. 274, 285 (2004), and defendants "face[] a significant obstacle in arguing that evidence should be barred because it is not relevant," *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). *See generally United States v. Collins*, 799 F.3d 554, 578 (6th Cir. 2015) ("This Circuit applies an 'extremely liberal' standard for relevancy." (citation omitted)).

Assuming evidence is relevant, Rule 403 nonetheless grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice." Fed. R. Evid. 403; *United States v. Gibbs*, 797 F.3d 416, 422 (6th Cir. 2015). The term "unfair prejudice" does not, however, encompass "the damage to a defendant's case that results from the legitimate force of the evidence." *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014) (quotation omitted). After all, most evidence is prejudicial in one way or another.

Instead, the term "unfair prejudice" refers only to evidence which tends to lead jurors to make a decision on an improper basis. *Id.* District courts are "afforded great deference" in conducting the balancing inquiry required under Rule 403. *United States v. Howard*, 621 F.3d 433, 457 (6th Cir. 2010) (quotation omitted); *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (noting that balancing under Rule 403 is "highly discretionary").

### B. Crimes, Wrongs, or Other Acts (Fed. R. Evid. 404(b))

Evidence of a defendant's past crimes, wrongs or other acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be admissible for another purpose, including to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). Rule 404(b) is a rule of "inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified. The list of permissible uses is not exclusive. Courts have recognized other permissible uses of such evidence; for example, to show a common scheme or plan." *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) (internal citation omitted).

The Sixth Circuit has articulated a three-step process for determining the admissibility of "other acts" evidence under Rule 404(b). First, a court must decide whether there is sufficient evidence that the other act in question actually occurred. *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002) (internal citation omitted). If so, the district court must decide whether evidence of the other act is probative of a material issue other than character. *Id.* Finally, if the evidence is probative of a material issue other than character, the court must engage in a Rule 403 analysis and decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *Id.*

3

### C. Similar Crimes in Child-Molestation Cases (Fed. R. Evid. 414)

In a "criminal case in which a defendant is accused of child molestation, a court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414. As relevant here, the Rule defines "child molestation" to include "contact between the defendant's genitals or anus and any part of a child's body," id. 414(d)(2)(D), or an "attempt or conspiracy" to engage in such conduct. *See id.* 414(d)(2)(F).

Rule 414 was a "strong legislative judgment that evidence of prior sexual offenses have probative value and should ordinarily be admissible." *United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) (quoting *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (internal quotation marks omitted)). Evidence that a party seeks to admit under Rule 414 is, however, still subject to a Rule 403 analysis. *See United States v. Lawrence*, 187 F.3d 638 (6th Cir. 1999) (unpublished table decision).

### D. The Victim's Sexual Behavior or Predisposition in Sex-Offense Cases (Fed. R. Evid. 412)

Evidence offered to prove a victim's sexual disposition, or that a victim engaged in other sexual behavior, is not admissible in a civil or criminal proceeding involving alleged sexual misconduct. Fed. R. Evid. 412(a). There are three exceptions to this Rule that apply in criminal cases. *See id.* 412(b)(1). First, a court may admit evidence of "specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence." *Id.* 412(b)(1)(A). Second, evidence of "specific instances of a victim's sexual behavior with respect to the [defendant]" is admissible if offered by the defendant "to prove consent or offered by the prosecutor." *Id.* 412(b)(1)(B). Finally,

"evidence whose exclusions would violate the defendant's constitutional rights" is admissible. *Id.* 412(b)(1)(C).

Rule 412's purpose is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." *See* Advisory Committee Notes to Rule 412, 1994 Amendments. By preventing the disclosure of information about the victim's sexual behavior or predisposition in most instances, Rule 412 also aims to encourage victims of sexual misconduct to "institute and to participate in legal proceedings against alleged offenders." *See id.*

### III. ANALYSIS

The Court will analyze each of the Government's motions in limine in turn. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions in limine.

#### A. Motion To Admit Evidence Pursuant to Rules 414 and 404(b)

As set forth above, the Government seeks to admit testimony and evidence regarding Parrish's prior North Carolina state conviction for Indecent Liberties with a Child and uncharged images and videos found on his LG cellular phone pursuant to Federal Rules of Evidence 414 and 404(b). (*See* Doc. 49 at 1.)

With regard to Parrish's prior conviction, it appears that he was indicted under North Carolina General Statute Section 14-202.1(a)(1), *see* Doc. 57-1, which provides that an individual is

> guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he . . . [w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any

5

child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

N.C. Gen. Stat. § 14-202.1(a)(1). Because a conviction under this section of the statute does not require that there "be some touching of the child to constitute an indecent liberty," *State v. Turman*, 278 S.E.2d 574, 575 (N.C. Ct. App. 1981), it is not clear that Parrish has previously been convicted of a "child molestation" offense within the definition of Federal Rule of Evidence 414.[1] *See* Fed. R. Evid. 414(d)(2)(D). Accordingly, Parrish's prior conviction is not admissible under Rule 414.

The North Carolina conviction is, however, admissible under Rule 404(b), pursuant to the three-step procedure set forth by the Sixth Circuit for evaluating such evidence. *See Haywood*, 280 F.3d at 720. So too are the uncharged images and videos on Parrish's cellular phone. The Sixth Circuit has articulated a three-step process for determining the admissibility of "other acts" evidence under Rule 404(b). First, as for the conviction, the parties indeed stipulated to Defendant's prior conviction, so there is no question as to whether it occurred. And the Government has represented that there will be testimony presented at trial regarding the uncharged images and videos on the LG cellular phone that will provide a "sufficient evidentiary basis for the jury" to find that the Defendant possessed these images and videos. (*See* Doc. 49 at 10.) Second, Parrish's prior conviction of a sexual offense and his possession of additional nude photos and videos is probative of intent and motive, and demonstrates a pattern of sexual interest in children. *See United States v. Delaney*, 443 F. App'x 122, 132 (6th Cir. 2011) (upholding admission of uncharged chat transcripts discussing prior possession of child pornography and

---

[1] Although Rule 414 defines "child molestation" to include an "attempt or conspiracy" to engage in contact between a defendant's genitals or anus and any part of a child's body, *see* Fed. R. Evid. 414(d)(2)(F), the indictment states nothing more than the fact that Parrish attempted to take "immoral, improper, and indecent liberties" with a minor; there is no reference to physical touching or an attempt to physically touch the minor. (*See* Doc. 57-1.)

sexual interest in children under Rule 404(b), because such evidence showed defendant's interest in children and child pornography and his past activities related to the same). Finally, the admission of this evidence would not be unfairly prejudicial under Rule 403. As set forth above, the Government has agreed to stipulate to the fact of Parrish's prior conviction. Thus, because no details about the underlying facts of Parrish's offense will be adduced, potential prejudice is minimal.

As for the uncharged images and videos on Parrish's phone, while the Court acknowledges that the admission of this evidence is prejudicial to Defendant, as the allegations are distasteful, it is not *unfairly* prejudicial. The jury is certainly capable of considering Defendant's other acts for the purposes set forth above, not to convict the Defendant of the offenses that are the subject of this trial. The Government surely has other evidence it will present in its effort to prove that the Defendant committed the crimes charged in the indictment; it is not relying solely on evidence of other acts. *See, e.g., United States v. Ray*, 189 F. App'x 436, 445 (6th Cir. 2006) (noting that, when balancing unfair prejudice against probative value under 403, the availability of other means of proof should be considered).

For all of these reasons, Doc. 49 is **GRANTED**.

### B. Motion To Exclude Evidence and Argument Under Rule 412

The Government moves to exclude any evidence of the "minor victim's online communications and transmission of sexually explicit images to an individual other than the defendant," arguing that it is barred by Rule 412(a), and does not fall into one of Rule 412(b)'s three clearly delineated exceptions. (*See* Doc. 50 at 3–5.) In arguing for the exclusion of such evidence, the Government relies heavily on *United States v. Ogden*, 685 F.3d 600, 605 (6th Cir. 2012).

In *Ogden*, the defendant persuaded a 15-year-old female to send him sexually explicit videos and photos of herself, and also viewed the victim masturbating via a webcam. *See Ogden*, 685 F.3d at 602. On the eve of trial, the government produced several hundred online conversations ("chat logs") found on the victim's computer, which occurred between the victim and men other than Ogden. *See id.* at 603. The chat logs "ma[de] clear that the victim sent explicit images of herself to some of the other men." *Id.* The Sixth Circuit held that the government's failure to timely disclose the chat logs was not a *Brady* violation, as the chat logs were inadmissible under Rule 412; and rejected Ogden's argument that the Constitution trumped Rule 412, finding that the chat logs "were not critical to Ogden's defense." *See id.* at 604–05.

The appellate court's determination that the chat logs were not critical to Ogden's defense was based specifically on the factual record before it. *See id.* at 605. The Court noted that "[a]ll the government needed to prove . . . was that Ogden induced the victim to engage in conduct to produce at least one explicit image," and the record contained the victim's testimony "that she masturbated on webcam, at Ogden's request, while he watched." *Id.* Because the chat-log evidence that the victim sent images to other men would not have impeached the victim's testimony about the specific webcam incident, the Constitution did not require its admission. *See id.*

The Court agrees with Defendant that, unlike in *Ogden*, evidence of the minor victim's online activities is "central" to his defense. (*See* SEALED Doc. 58 at 4.) The United States Constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks omitted). This includes the ability to present evidence which provides an alternative explanation for the prosecution's evidence. *See United States v. Bear Stops*, 997 F.2d 451, 454–57 (8th Cir. 1993).

8

Permitting evidence of the minor victim's online activities is an essential part of Parrish's defense, given that he claims he discovered the images and videos on his daughter's phone, learned of her intent to send them to a stranger online, and sent them to himself in order to address the issue with her and her custodial grandparents. (*See* SEALED Doc. 58 at 4.)

Because this justification is the cornerstone of Parrish's defense, the Court finds it necessary to admit evidence of the minor victim's online activities in order to protect Parrish's constitutional rights. The Court trusts that this evidence is not being used to "impugn the child's character, embarrass her, [] invade her privacy . . . [or] to prove sexual propensity," but rather to "provide[] the jury with facts with which it could find Mr. Parrish not guilty." (*Id.* at 4–5.) Thus, the Court notes that evidence confirming that the minor victim did indeed send images to an individual other than Parrish online is likely sufficient to present a complete defense; any sexually explicit details about conversations between the minor victim and other individuals or photos or videos sent to the other individual are unnecessary and should be limited to honor the aim of Rule 412. Accordingly, Doc. 50 is **DENIED**.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** the Government's Motion in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 414 and 404(b) (Doc. 49), and **DENIES** the Government's Motion in Limine to Exclude Certain Evidence and Argument. (Doc. 50.)

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: April 19, 2017**