**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:16-cr-243** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **SHAWN P. PARRISH,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Shawn P. Parrish's Renewed Motion for Judgment of Acquittal. (Doc. 72.) Prior to filing this motion, Parrish moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the Government's case-in-chief, and renewed his motion at the close of all evidence. For the reasons set forth below, Parrish's motion is again **DENIED**.

## I. BACKGROUND

In December 2016, Parrish was indicted on one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Doc. 18.)

Parrish's trial began on April 17, 2017. After the Government presented its case-in-chief, Parrish moved for judgment of acquittal under Rule 29, arguing that the Government's evidence was insufficient to establish that the images and videos Parrish received and possessed showed a minor engaged in sexually explicit conduct. (*See* Docs. 72, 73.) More specifically, Parrish argued that the images and videos presented to the jury did not depict a minor lasciviously displaying her genitalia or pubic area. (*See* Doc. 73.) The Court denied Parrish's motion—and

1

did so again when he orally renewed the motion at the close of all evidence. (*Id.* at 2.) On April 20, 2017, the jury returned a verdict of guilty on both counts. (Doc. 70.)

Now, Parrish again renews his motion for judgment of acquittal under Rule 29 and the Fifth Amendment to the United States Constitution.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29(a), a court must enter judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant may make a Rule 29 motion at the close of the government's evidence, at the close of all the evidence, or within 14 days after a guilty verdict. *See* Fed. R. Crim. P. 29(a), (c).

For a defendant to prevail on a motion for judgment of acquittal, a court must find, "after viewing the evidence in the light most favorable to the prosecution," that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Smith*, 749 F.3d 465, 476 (6th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). "Reversal of a conviction is warranted only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *Id.* at 477 (internal quotation marks omitted). This is a "very heavy burden" for a defendant to meet. *United States v. Jones*, 641 F.3d 706, 710 (6th Cir. 2011) (internal citation omitted). Rather than "weigh[ing] the evidence, assess[ing] the credibility of witnesses, or substitut[ing its] judgment for that of the jury," a court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001) (internal citations omitted).

## III. ANALYSIS

In his renewed motion, Parrish reiterates that the Government did not establish that he received and possessed images and videos of a minor lasciviously exhibiting her genitals or

pubic area, and asserts that 18 U.S.C. § 2256(2)(A)(v) is unconstitutionally vague. The Court addresses each of these (unavailing) arguments in turn.[1]

**A. The Guilty Verdict Is Supported by Substantial and Competent Evidence.**

As set forth above, Parrish was indicted for—and ultimately convicted of—possessing and receiving images and videos of a minor engaged in sexually explicit conduct. "[S]exually explicit conduct" is defined to include the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v).

The six-factor test established in *United States v. Dost* guides a court's analysis of what constitutes lascivious exhibition of the genitals or pubic area. 636 F. Supp. 828 (S.D. Cal. 1986). The *Dost* factors are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. *Id.* at 832. The Sixth Circuit has adopted the *Dost* test, and has incorporated the six factors into the Sixth Circuit Pattern Criminal Jury Instructions pertaining to the receipt and possession of child pornography. *See United States v. Campbell*, 81 F. App'x 532, 536 (6th Cir. 2003); Sixth Circuit Pattern Criminal Jury Instructions

---

[1] The Government correctly notes that Rule 29 provides no guidance on the applicable standard when a defendant renews a motion for judgment of acquittal based on arguments that were previously made and rejected, and that such motions under Rule 29 may be treated as motions made under Federal Rule of Civil Procedure 59 or 60. (*See* Doc. 73 at 3–4.) Motions under Civil Rules 59 and 60 are not "opportunit[ies] to re-argue a case," and therefore, the Government argues, because Parrish's motion is based on arguments already rejected by this Court, it should be summarily denied. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). While the only new argument raised by Parrish in this motion is his constitutional argument, the Court will still consider the merits of the entire motion.

(2016) Sections 16.05–16.06. The six factors are "not exhaustive, and an image need not satisfy every factor to be deemed lascivious." *Campbell*, 81 F. App'x at 536. Rather, the *Dost* factors, "along with any other relevant criteria, . . . provide a framework for analyzing the image in its entirety." *Id.*

Parrish argues that, under *Dost*, the evidence elicited at trial was insufficient to sustain a conviction because the evidence showed that: (1) the focal point of the depictions was not the minor's genitalia or pubic area, but rather her entire nude body; (2) the images were taken in a bathroom, not a bedroom; (3) the minor is not depicted in an unnatural pose; (4) the video does not suggest sexual coyness or willingness to engage in sexual activity; and (5) nothing about the images suggests an intent to elicit a sexual response in the viewer. (*See* Doc. 72 at 7.)

Parrish likens his case to *United States v. Perkins*, 850 F.3d 1109 (9th Cir. 2017), in which the Ninth Circuit Court of Appeals deemed a nude "selfie" *not* to be a lascivious display of a minor female's genitalia or pubic area. The *Perkins* court found that an image of a young girl sitting down, taken from an angle "slightly above her head and shooting downwards" with her "head and torso" dominating the image "lack[ed] any traits that would make it sexually suggestive" even though the minor was nude. *Id.* at 1122. Particularly relevant to the *Perkins* court was the fact that the minor was not posing in a "sexual position" or "pictured with any sexual items." *Id.* According to Parrish, the images in his case "mirror those in *Perkins*," and thus they are not lascivious displays of a minor's genitalia or pubic area. (*See* Doc. 72 at 8.)

The Government, however, argues that the images Parrish possessed and received meet the definition of lascivious under *Dost*, and that these images are distinct from those analyzed by the *Perkins* court. (*See* Doc. 73 at 7–12.) Specifically, the Government asserts that *Dost* factors 1, 4, and 6 are met. (*See id.* at 7–9.) First, although various parts of the minor's body are the

4

focal point in certain images, particularly the videos she took of herself, because the camera phone was moving, in many of the screenshots Parrish created from those videos, the child's nude pubic area is "in the forefront of the frame." (*Id.* at 7.) As for the fourth factor, in both of the videos on Parrish's phone, the child was nude for at least a portion of the time, and she was nude in more than half of the screenshots Parrish took of those videos. (*See id.*)

Both parties acknowledge the confusion that surrounds application of the sixth *Dost* factor: whether the visual depiction is intended or designed to elicit a sexual response in the viewer. (*See* Doc. 72 at 5–6; Doc. 73 at 7.) Courts have reached conflicting conclusions about whether, when applying this factor, a court should "limit its review to the four corners of the image," but the Sixth Circuit has adopted a "limited context" test that "permits consideration of the context in which the images were taken, but limits the consideration of contextual evidence to the circumstances directly related to the taking of the images." *United States v. Brown*, 579 F.3d 672, 683 (6th Cir. 2009). Things such as "(1) where, when, and under what circumstances the photographs were taken, (2) the presence of other images of the same victim(s) taken at or around the same time, and (3) any statements a defendant made about the images" can "illuminate the context in which photographs were taken." *Id.* at 683–84.

The Court finds that the first and fourth *Dost* factors are satisfied, and that the sixth factor is "highly relevant" in this case. (Doc. 73 at 7.) At trial, multiple witnesses testified that the minor created the two videos for an online love interest, after he repeatedly asked her to send him nude images. The videos themselves show the minor angling the camera to ensure that her pubic area is visible in them, and one of the videos shows the child undressing, presumably to elicit a sexual response in the recipient. In addition to the fact that the videos were *originally* created for the purpose of eliciting a sexual response in their intended recipient, Parrish sending

5

himself the videos and then creating multiple screenshots from the videos that focus on the child's nude pubic area suggests that *his* intent in creating and viewing the images was sexual in nature.

Additionally, under *Brown*, "other images of the same victim taken at or around the same time" are relevant when analyzing the sixth factor. *Brown*, 579 F.3d at 684. Thus, while they were not pornographic, the videos Parrish created of the minor that focused on her clothed pubic area while she was sitting on the couch and in Parrish's car are relevant to the jury's consideration of whether the images were designed to elicit a sexual response. *See United States v. Stewart*, 729 F.3d 517, 527 (6th Cir. 2013) (concluding that a rational trier of fact could have found non-pornographic images that were cropped to focus on children's pubic area to be "lascivious" beyond a reasonable doubt); *see also United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999) (finding pictures of young girls wearing swimsuit bottoms lascivious "despite this minimal clothing because of the way in which the pictures [were] framed).

All of this evidence, which goes to the sixth *Dost* factor, distinguishes this case from *Perkins*, in which the court did not even address whether the images at issue were intended to elicit a sexual response in the viewer. And the fact that Parrish created screenshots from the videos created by the child and filmed his own videos focusing on the child's pubic area further make this case about more than a single nude "selfie." Finally, it is critical to this Court's analysis that, unlike in *Perkins*, here a jury concluded that the images and videos met the definition of "lascivious" after viewing the images and videos, hearing trial testimony, and being instructed about the *Dost* factors. (*See* Doc. 73 at 11.) In assessing the sufficiency of the evidence, it is not for the Court to substitute its judgment for that of the jury, and all inferences and issued should be resolved in favor of the jury's verdict. *See Salgado*, 250 F.3d at 446.

6

As a final note, while the first, fourth, and sixth *Dost* factors weigh most heavily in favor of a finding of lasciviousness, this does not mean that other factors are not also satisfied. In denying Parrish's initial Rule 29 motion at the close of the Government's case-in-chief, the Court rejected Parrish's argument that the setting of the videos—a bathroom—is not a place typically associated with sexual activity. Parrish presented no legal authority to suggest that the only place associated with sexual activity could be a bedroom. And the fact that the minor filmed herself nude and taking her clothes off in response to an online boyfriend's requests for nude images of her also suggests her potential willingness to engage in sexual activity.

In sum, upon reviewing all of the evidence and construing it in a light most favorable to the prosecution, as required, the Court concludes that a rational trier of fact could find the essential elements of the crimes beyond a reasonable doubt, and that Parrish's conviction is supported by substantial and competent evidence.

### B. 18 U.S.C. § 2256(2)(A)(v) Is Not Unconstitutionally Vague.

The convicting statute in this case is 18 U.S.C. § 2252. Section 2256, the definitions section for the convicting statute, defines "[S]exually explicit conduct" to include the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Parrish takes issue with the phrase "lascivious exhibition of the genitals or pubic area," arguing that, due to the "subjectivity of the *Dost* factors," it is "difficult if not impossible to determine which images fall within the scope of lasciviousness, and which images are protected under the First Amendment," rendering this statutory language unconstitutionally vague and requiring that his conviction be overturned. (*See* Doc. 72 at 8.)

A criminal statute violates an individual's Fifth Amendment right to due process when it is "so vague that it fails to give fair notice of the conduct that it punishes, or so standardless that

it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)); *see also United States v. Blaszak*, 349 F.3d 881, 885 (6th Cir. 2003) ("Although citizens are generally presumed to know the content of the law, one of the basic tenets of due process jurisprudence is that citizens be afforded fair notice of precisely what conduct is prohibited.") (citation omitted). A law fails to afford fair notice when it is "so technical or obscure that it threatens to ensnare individuals engaged in apparently innocent conduct." *United States v. Baker*, 197 F.3d 211, 219 (6th Cir. 1999).

While the Sixth Circuit has not addressed this issue, several other courts have rejected Parrish's vagueness argument. While terms like "lascivious" are imprecise, the Supreme Court has "consistently held that lack of precision is not itself offensive to the requirements of due process . . . the Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Roth v. United States*, 354 U.S. 476, 491 (1957) (internal quotation marks and citation omitted). In *United States v. O'Malley*, citing this language from *Roth*, the Eighth Circuit rejected a defendant's vagueness challenge to 18 U.S.C. § 2256(2)(A)(v), noting that the statute's bar against "mailings depicting minors involved in the lascivious exhibition of the genitals" provided sufficient notice to "individuals guided by common understanding and practice" that such conduct was illegal.[2] 854 F.2d 1085, 1087 (8th Cir. 1988); *see also United States v. Reedy*, 632 F. Supp. 1415, 1425 (W.D. Okla. 1986) (same, collecting cases).

Here, as in *O'Malley*, the language of 18 U.S.C. § 2256(2)(A)(v) is not so vague that it fails to provide Parrish with sufficiently definite warning as to the proscribed conduct. The

---

[2] At the time *O'Malley* was decided, the relevant portion of the definition of "sexually explicit conduct" was defined in 18 U.S.C. § 2256(2)(E).

definition of "sexually explicit conduct" to include "lascivious exhibition of the genitals or pubic area" provides sufficient notice to an individual guided by common understanding and practice that viewing nude videos of children and taking screenshots of those videos that are focused on a minor child's nude pubic area is illegal. Accordingly, Parrish's vagueness argument is without merit.

### IV. CONCLUSION

For all of the foregoing reasons, Parrish's Renewed Motion for Judgment of Acquittal (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  July 24, 2017**