# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

            Plaintiff,      :      Case No. 2:16-cr-243
                                          Also Case No. 2:21-cv-1516

                                          Chief Judge Algenon L. Marbley, Jr.
- vs -                                    Magistrate Judge Michael R. Merz

SHAWN P. PARRISH,

            Defendant.     :

# ORDER

This is an action on a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District; final decision of the case remains with Chief Judge Marbley.

**Motion to Withdraw**

After Defendant, acting *pro se*, sought and obtained a continuance to file a motion to vacate, Melissa Salinas, who was appointed to represent Parrish in his appeal to the Sixth Circuit filed the § 2255 Motion on his behalf (ECF No. 131). The Motion contains serious allegations of government misconduct: withholding evidence required to be produced by *Brady v. Maryland*,

1

373 U.S. 83 (1963), and presenting false and indeed perjured testimony in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959), and *Mooney v. Holohan*, 294 U.S. 103, 112 (1935).

Within days of initiating this case, Attorney Salinas moved to withdraw as Parrish's trial attorney, representing that "[d]ue to counsel's other appointed cases and the fact that her practice is an appellate practice based in Michigan, counsel is not in position to continue to represent Mr. Parrish in the Southern District of Ohio." (ECF No. 133)[1]. She requests that the Court appoint "local counsel," suggesting particularly the Office of the Federal Defender for Southern Ohio, which represented Parrish in this Court for trial and as to whom there is no claim made of ineffective assistance of trial counsel.

Instead of opposing the Motion to Withdraw, the United States asked the Court to "hold it in abeyance" until after the government has responded to the Motion to Vacate, believing that response will obviate the need for appointed counsel (ECF No. 136). The government also sought and obtained from Magistrate Judge Vascura a seventy-five day extension of time to file its answer (ECF Nos. 135, 137).

Attorney Salinas is not regularly admitted to practice before this Court, nor did she apply for or receive *pro hac vice* status before filing the Motion to Vacate. The Clerk's Office advises that she was able to file by requesting "filer" status through her PACER account which then treated the Motion to Vacate as an ordinary motion in a criminal case. While this may have satisfied the electronic software, it does not comply with the Local Rules which require:

> Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than *pro se* parties must be represented at all times by a "trial attorney" who is a permanent member in good standing of the bar of this Court. Each filing made

---

[1] Her profile at the University of Michigan Law School webpage identifies her as Director of the School's Federal Appellate Litigation Clinic. https://www.law.umich.edu/FacultyBio/Pages/FacultyBio.aspx?FacID=salinasm, visited May 18, 2021.

> on behalf of such parties shall identify and be signed by the trial attorney. The trial attorney shall attend all hearings, conferences, and the trial itself unless excused by the Court from doing so. Admission *pro hac vice* does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

S. D. Ohio Civ. R. 83.4(a)[2]. Attorney Salinas is not a member of the permanent bar of this Court. She must accordingly apply **forthwith** to be admitted *pro hac vice* using the Court's standard process for doing so set forth in S. D. Ohio Civ. R. 83.3(e). Because she is appearing *pro bono*, the application fee is waived. Pending further order of this Court, Attorney Salinas is designated as Petitioner's trial attorney and has the duties set forth for trial attorneys in the local rules.

The Magistrate Judge is unfamiliar with the practice of holding motions in abeyance. Although it is perhaps within the Court's discretion to do so, it hardly suits judicial economy to do so in this case. S. D. Ohio Civ. R. 83.4(c) sets forth the explicit process by which a trial attorney in a case in this Court with withdraw or substitute a new trial attorney. The instant Motion to Withdraw is DENIED without prejudice to its renewal in compliance with Rule 83.4(c).

**Motion to Compel**

Also pending is Defendant's Motion to Compel "Attorney Diane Menashe to produce her copy of the interrogation video taken by the Franklin County ICAC on August 30, 2016 ("interrogation video"), and to provide this video to Parrish, the United States of America, and this

---

[2] The local rules of this Court are available on its website at https://www.ohsd.uscourts.gov/Local-Rules.

Court." (ECF No. 134, PageID 1746). The United States also seeks to have this Motion held in abeyance until it has answered (ECF No. 136).

Whether or not Attorney Menashe should ultimately be compelled to produce this recording, the instant Motion must be denied. In the first and most elementary place, the Court does not have personal jurisdiction over Attorney Menashe. To obtain jurisdiction, it would be necessary to serve her with a subpoena for the recording. This would allow her an opportunity to present any objections to production of the recording she may have. The Motion to Compel does not even indicate she was sent a courtesy copy of the Motion to Compel.

Secondly, discovery in a § 2255 proceeding is not a matter of right, but depends on a prior judicial determination of good cause. No such determination has even been requested in this case, much less granted.

Accordingly, the Motion to Compel is DENIED. It would of course be prudent to send Attorney Menashe a preservation letter, alerting her to the pendency of this matter and the possibility she may be subpoenaed.

The government's Motion to Hold in Abeyance is DENIED as to both branches.

May 18, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

4