# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,     :      Case No. 2:16-cr-243
                                                             Also 2:21-cv-1516

                                                             Chief Judge Algenon L. Marbley
   -  vs  -                                                        Magistrate Judge Michael R. Merz

SHAWN PATRICK PARRISH,

           Defendant.     :

## REPORT AND RECOMMENDATIONS

      This § 2255 proceeding, in which Defendant is now proceeding *pro se,* is before the Court for decision on the merits. Relevant pleadings are the § 2255 Motion itself (ECF No. 131), the Government's Response in Opposition (ECF No. 144), and Defendant's Reply (ECF No. 151).

**Litigation History**

      In December of 2016, the Grand Jury for this District returned a two count indictment charging Petitioner with one count each of Receipt and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). (Indictment, ECF No. 18).

      Aware of child pornography being shared through peer-to-peer file sharing software, law enforcement officers sought and obtained a search warrant for the premises from which that

1

pornography was distributed. The warrant was executed on August 30, 2016, and Parrish was found at the home during the search. He agreed to be interviewed, waived his *Miranda* rights, and told the officers they would find nude photographs of a twelve-year-old relative on his phone. He claimed he had found them on the child's phone and forwarded them to himself so that he could advise the child's guardians. Later forensic examination of the two telephones and other investigation revealed his claims to be a fabrication. Finding Defendant had consented to the search, the Court denied his motion to suppress (ECF No. 61).

At a jury trial, Defendant testified to the same story he had told the agents about why the pornographic images were on his phone. The jury apparently did not believe him, as it convicted him on both counts. After trial the United States dismissed the second count and the Court sentenced Parrish to the mandatory minimum sentence of fifteen years imprisonment (ECF No. 110). The Sixth Circuit affirmed the conviction. *United States v. Parrish*, 942 F.3d 289 (6th Cir. 2019)(copy at ECF No. 124). Parrish did not seek Supreme Court review, but filed the instant § 2255 Motion with the assistance of counsel on April 5, 2021.

## Analysis

Parrish pleads the following grounds for relief:

> **Ground One:** The prosecution's failure to provide the audio recording [of Parrish's interview] denied Mr. Parrish a full and fair opportunity to litigate his Fourth Amendment claims.

>**Ground Two:** The prosecution's failure to provide the audio recording prior to trial violated Mr. Parrish's Fifth Amendment Due Process rights under *Brady v. Maryland*.

(Motion, ECF No. 131).

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

The Magistrate Judge concludes Defendant would be entitled to relief if the factual assumptions of his Motion were true. That is to say, if there ever existed an audio recording of his interview that was in the actual or constructive possession of the United States Attorney's Office, that would be material required to be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), if it corroborated Parrish's account of the interview or if it impeached the account of the interview

3

by the law enforcement officers. Those officers testified that no audio recording was made because the mute button on the recording equipment was inadvertently pushed.

If in fact such a recording existed, the Government's allowing the agents to testify that none existed would violate Defendant's due process rights. The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice." *Workman v. Bell,* 178 F.3d 759, 766 (6th Cir. 1998), *quoting Giglio v. United States*, 405 U.S. 150, 153 (1972). This rule applies to both the solicitation of false testimony and the knowing acquiescence in false testimony. *Workman v. Bell*, 178 F.3d 759, 766 (6th Cir. 1998), *citing Napue v. Illinois*, 360 U.S. 264, 269 (1959).

However, to prevail on such a claim, a petitioner must show that the statement in question was false, that the prosecution knew it was false, and that it was material. *Wogenstahl v. Mitchell*, 668 F.3d 307, 323 (6th Cir. 2012), *citing Rosenkrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009); *Brooks v. Tennessee*, 626 F.3d 878, 894-95 (6th Cir. 2010); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing United States v. Lochmondy,* 890 F.2d 817, 822 (6th Cir. 1989); *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986). The statement must be indisputably false, rather than simply misleading. *Lochmondy*, 890 F.2d at 823; *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000).

There is no evidence before this Court that such an audio recording exists or ever existed. Counsel who filed this § 2255 proceeding on behalf of Parrish believed that such a recording existed because the same agents interviewed Jeremy Wigle, Parrish's housemate, and had an audio recording of that interview. That belief was based on communication with Mr. Wigle's counsel who represented him in a state court case arising out of the same investigation. After both of Parrish's attorneys in this proceeding withdrew, the Court undertook to obtain Wigle's recording

4

from his attorney, Diane Menashe (Order to Show Cause, ECF No. 152). However, Ms. Menashe's Response to that Order (ECF No. 154) persuades the Magistrate Judge that Attorney Salinas misunderstood Attorney Menashe's responses to her efforts to obtain the Wigle recording. In fact, Attorney Menashe does not now have and has never had a copy of the Wigle recording. *Id.*

In his Reply, Parrish ranges very broadly in attacking his conviction, including rearguing the motion to suppress, the merits of the case, and the use of an old conviction from North Carolina against him. Perhaps his filing attorney did not explain to him that a § 2255 proceeding is not a place to repeat arguments that have already been made to a jury and rejected, then rejected again on appeal. Defendants are barred from obtaining relief in a § 2255 proceeding on claims they could have and indeed did raise on appeal.

A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Therefore, absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th ed., §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993); *Ray v. United States*, 721 F.3d 758, 761(6th Cir. 2013), *quoting Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) *citing United States v. Frady*, 456 U.S. 152, 167-68 (1982).

If Parrish had evidence to support his claim that there actually was an audio recording of his interview and that the Government had hidden it or, worse, allowed the agents to lie about it, he would indeed be entitled to relief.  But there is no such evidence, including even proof that the recording equipment worked for Wigle's interview.

**Conclusion**

Defendant has presented no proof for either of his two Grounds for Relief.  The Magistrate Judge therefore respectfully recommends the § 2255 Motion be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 26, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.